IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I., and AUSTIN MUTUAL INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. _____ |
| v. | ) ) ) | |
| BMD CORPORATION, d/b/a Bearco Management, Inc. and JUAN ONOFRE, individually and on behalf of others similarly situated, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs American Family Mutual Insurance Company, S.I. and Austin Mutual Insurance Company bring this Complaint for Declaratory Judgment seeking a determination that they do not have a duty to defend Defendant BMD Corporation d/b/a Bearco Management in a putative class action brought by Defendant Juan Onofre for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*

## THE PARTIES

1.      American Family Mutual Insurance Company, S.I. ("American Family") is an insurance company organized under the laws of the state of Wisconsin, which maintains its principal place of business in Madison, Wisconsin.

2.      Austin Mutual Insurance Company ("Austin Mutual") is an insurance company organized under the laws of the state of Minnesota, which maintains its principal place of business in Maple Grove, Minnesota, and is an affiliate of American Family.

3.      BMD Corporation ("BMD") is a corporation organized under the laws of the state

1

of Illinois with its principal place of business in Illinois.

4.      Juan Onofre ("Claimant") is an individual who is both a citizen and resident of the State of Illinois. Claimant has been joined herein as a defendant to the extent that he is interested.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because Plaintiffs are citizens of Wisconsin and Minnesota, and Defendants are citizens of Illinois. As a result, there is complete diversity of citizenship between the parties. In addition, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no duty to defend.

6.      Venue is premised upon 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2), as the Defendants reside in and regularly conduct business within this District.

## THE UNDERLYING LAWSUIT

7.      Claimant filed a putative class action against BMD on February 26, 2021, styled *Juan Onofore v. BMD Corporation d/b/a Bearco Management, Inc.*, Case No. 2021 CH 00955, Chancery Division, Circuit Court of Cook County, Illinois (the "*Onofre* Lawsuit"). A true and correct copy of the Class Action Complaint and Demand for Jury Trial in the *Onofre* Lawsuit is attached hereto as Exhibit A (the "Underlying Complaint").

8.      The Claimant seeks damages from BMD for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA").

9.      The Underlying Complaint alleges that, from 2018 through 2020, Claimant worked as an employee of BMD. (Underlying Complaint, Ex. A, ¶ 25.) The Underlying Complaint further alleges that as part of Claimant's employment, "BMD required [Claimant] to scan his hand so that it could use it as an authentication method to track time" and that "BMD subsequently stored [Claimant's] handprint data in its database." (*Id*. ¶ 26.)

2

10.     The Underlying Complaint further alleges in part that BMD violated BIPA's provisions when it scanned Claimant's handprint and failed to inform him as to the limited purpose or length of time his handprint data would be stored or used, failed to inform him of its biometric data retention policy, and failed to obtain a written release from Claimant for the collection and storage of his handprint data.  (*Id.* ¶¶ 27-30.)

11.     The Underlying Complaint contains two counts directed against BMD for violations of BIPA sections 740 ILCS 14/15(a) and 14/15(b), respectively, and for which injunctive and equitable relief, liquidated damages, and attorney's fees are sought.  (*Id*. ¶¶ 36-52.) As set out more specifically in Exhibit A, the Underlying Complaint alleges that BMD violated BIPA by:

       (a)     Failing to provide a retention schedule or guideline for permanently destroying its employees' biometric identifiers and biometric information. (*Id.* ¶ 42.)

       (b)     Failing to inform its employees in writing that their biometric identifiers and biometric information were being collected and stored.  (*Id.* ¶ 50.)

       (c)     Failing to inform its employees in writing of the specific purpose and length of time for which their biometric identifiers or biometric information were being collected and stored.  (*Id.* ¶ 50.)

       (d)     Failing to obtain written releases before it collected, used, and stored its employees' biometric identifiers and biometric information.   (*Id.* ¶ 50.)

12.     The Underlying Complaint further alleges that BMD "violated [its employees'] rights to privacy in their biometric identifies or biometric information as set forth in BIPA…."  (*Id.* ¶ 51.)

13.     The Underlying Complaint does not allege that BMD distributed or disclosed Claimant's biometric data to any third party.

**THE POLICIES**

14.     American Family issued its policies of insurance numbered 12XM325202 to BMD

as named insured ("American Family Policies"), which policies include the locations owned and operated by it. The American Family Policies provided for Businessowners Liability Insurance for the effective periods of March 1, 2015 to March 1, 2016; March 1, 2016 to March 1, 2017; March 1, 2017 to March 1, 2018; March 1, 2018 to March 1, 2019, and March 1, 2019 to March 1, 2020. Certified true and correct copies of the American Family Policies are attached hereto, made a part hereof and are marked as Exhibits B, C, D, E and F, respectively.

15. Austin Mutual issued its policies of insurance numbered BPP1434Q to BMD as named insured ("Austin Mutual Policies"), which policies include the locations owned and operated by it. The Austin Mutual Policies provided for Businessowners Liability Insurance for the effective period of March 1, 2020 to March 1, 2021, renewed for the period of March 1, 2021 to March 1, 2022. Certified true and correct copies of the Austin Mutual Policies are attached hereto, made a part hereof and marked as Exhibits G and H.

## PROVISIONS OF THE POLICIES

16. The American Family Policies and the Austin Mutual Policies provide coverage in their Insuring Agreement for "bodily injury," "property damage," and "personal and advertising injury" as follows:

    **A. Coverages**

        **1. Business Liability**

            a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may at our discretion,

investigate any "occurrence" and settle any claim or "suit" that may result.  But:

    **(1)**    The amount we will pay for damages is limited as described in Paragraph **D.** - Liability And Medical Expenses Limits Of Insurance in Section **II** - Liability; and

    **(2)**    Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements or medical expenses.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Paragraph **f.** Coverage Extension - Supplementary Payments.

17.    The American Family Policies and the Austin Mutual Policies define certain terms used in the Insuring Agreement as set forth in ¶ 16 hereof as follows:

    **1.**    "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

    **a.**    Notices that are published include material placed on the Internet or on similar electronic means of communication; and

    **b.**    Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

    *   *   *   *   *

    **3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

    *   *   *   *   *

    **13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a.    False arrest, detention or imprisonment;

    b.    Malicious prosecution;

    c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;

    f.    The use of another's advertising idea in your "advertisement"; or

    g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

*     *     *     *     *

17. "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with

electronically controlled equipment.

18. The American Family Policies and the Austin Mutual Policies in their Exclusions

provides as follows:

This insurance does not apply to:

\*    \*    \*    \*    \*

s. **Distribution Of Material In Violation Of Statutes**

"Bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1) The Telephone Consumer Protection Act (TCPA), including any amendment or addition to such law; or

(2) The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

(3) Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

19. The American Family Policies and the Austin Mutual Policies include an

Employment-Related Practices Exclusion endorsement which provides, in part, as follows:

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following exclusion is added to Paragraph **B. Exclusions** in **Section II – Liability**:

This insurance does not apply to:

**1.** "Bodily injury" or "personal and advertising injury" to:

**a.** A person arising out of any:

**(1)** Refusal to employ that person;

**(2)** Termination of that person's employment; or

7

**(3)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**b.** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" or "personal and advertising injury" to that person at whom any of the employment-related practices described in Paragraphs **(1)**, **(2)** or **(3)** above is directed.

**2.** This exclusion applies:

**a.** Whether the insured may be liable as an employer or in any other capacity; and

**b.** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

20. The American Family Policies and the Austin Mutual Policies in their Exclusions provides as follows:

This insurance does not apply to:

\* \* \* \* \*

**d.** **Workers' Compensation And Similar Laws**

Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

21. The American Family policy effective March 1, 2019 (Exhibit F) and the Austin Mutual Policies include an endorsement exclusion for access to or disclosure of confidential or personal information and data-related liability, which provides as follows:

**EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY– WITH LIMITED BODILY INJURY EXCEPTION**

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

**A.**     Exclusion **B.1.q.** of **Section II – Liability** is replaced by the following:

This insurance does not apply to:

**q.**     **Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**

**(1)**     Damages, other than damages because of "personal and advertising injury," arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information, or

**(2)**     Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph **(1)** or **(2)** above.

However, unless Paragraph **(1)** above applies, this exclusion does not apply to damages because of "bodily injury."

As used in this exclusion, electronic data means information, facts or computer programs stored as or on, created or used on, or transmitted to or from computer software (including systems and applications software), on hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other repositories of computer software which are used with electronically controlled equipment. The term computer programs, referred to in the foregoing description of electronic data, means a set of related electronic instructions which direct the operations and functions of a computer or device connected to it, which enable the computer or device to receive, process, store, retrieve or send data.

9

**B.** The following is added to Paragraph **B.1.p. Personal And Advertising Injury** Exclusion of **Section II – Liability**:

This insurance does not apply to:

**p.** **Personal And Advertising Injury**

"Personal and advertising injury."

Arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

## TENDER OF DEFENSE

22.     BMD tendered its defense to American Family and Austin Mutual, and American Family and Austin Mutual timely accepted that tender subject to reservation for the reasons stated in the reservation of rights letter.   That reservation of rights letter also indicated that the identification of defenses therein does not limit or waive the defenses American Family or Austin Mutual may assert to coverage.

## COUNT I
## (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

23.     American Family and Austin Mutual adopt and repeat the allegations of ¶¶ 1 through 22 for this ¶ 22 as though the same were fully set forth herein.

24.     While the American Family Policies and the Austin Mutual Policies extend coverage to an insured for "bodily injury", "property damage", and "personal and advertising injury", as defined therein, the claims in the underlying action by the Claimant are not covered by

the policies of insurance.

25.     American Family and Austin Mutual have no duty or obligation to defend BMD in connection with the claims made against it by the Claimant in the *Onofre* Lawsuit for one or more or all of the following reasons:

(a)     That the Underlying Complaint does not allege "bodily injury" as defined by the policies of insurance.

(b)     That the Underlying Complaint does not allege "property damage" as defined by the policies of insurance.

(c)     That the Underlying Complaint does not allege "personal and advertising injury" as defined by the policies of insurance.

(d)     That the Underlying Complaint does not allege an "occurrence" as defined by the policies of insurance.

(e)     That the American Family Policies and the Austin Mutual Policies do not cover claims for alleged violation of the Illinois Biometric Information Privacy Act pursuant to **Exclusion s.**, which excludes coverage for violations of any statute that prohibits or limits the sending, transmitting, communicating, or distribution of material or information.

(f)     That the Policies do not cover claims for "bodily injury" or "personal and advertising injury" from alleged violations of the Illinois Biometric Information Privacy Act because such violations are excluded by the Employment-Related Practices Exclusion endorsement, which applies to BMD's employment practice and policy of scanning handprints to use the time tracking system maintained by BMD.

(g)     That the alleged violations of the Illinois Biometric Information Privacy Act are excluded by the Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability exclusion endorsement to the Austin Mutual Policies.

(h)     That the policies issued to BMD exclude any obligation of BMD under the Illinois Workers' Compensation Act or similar statutes.

26.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court.  Pursuant to the terms and provisions of 28 U.S.C. §§ 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the American Family Policies and the Austin Mutual Policies referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs American Family Mutual Insurance Company, S.I., and Austin Mutual Insurance Company pray that this Court enters judgment finding and declaring the rights of the parties as follows:

A.     That American Family has no duty or obligation to provide a defense to BMD for the Underlying Complaint in the *Onofore* Lawsuit under the American Family Policies.

B.     That Austin Mutual has no duty or obligation to provide a defense to BMD for the Underlying Complaint in the *Onofore* Lawsuit under the Austin Mutual Policies.

C.     That the Court grant American Family and Austin Mutual such other and further

relief as the Court deems fit and just under the circumstances.

D.      That American Family and Austin Mutual be awarded and have and recover their

just and reasonable costs incurred herein and have execution issue therefor.

Dated: November 4, 2021                              Respectfully submitted:

_/s/ Michael L. Rice_  
Holly A. Harrison  
Michael L. Rice  
Katherine A. Garceau Sobiech  
HARRISON LAW LLC  
141 W. Jackson Blvd.  
Suite 2055  
Chicago, IL 60604  
(t) (312) 638-8776  
(f) (312) 638-8793  
hollyharrison@hlawllc.com  
mikerice@hlawllc.com  
katherinesobiech@hlawllc.com  

***Attorneys for Plaintiffs***  
***American Family Mutual Insurance***  
***Company, S.I. and Austin Mutual***  
***Insurance Company***